UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
DEUTSCHE BANK AG, : 04 Civ. 7192 (SHS)
: ECF Case
Plaintiff, :
:
v. :
:
JPMORGAN CHASE BANK (f/k/a The Chase :
Manhattan Bank), :
:
Defendant. :
:
------------------------------------x

**PLAINTIFF DEUTSCHE BANK AG'S MEMORANDUM OF LAW REGARDING THE RECENTY FILED "EXHIBIT A" AND IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT JPMORGAN CHASE BANK'S <u>MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to the Court's Order of April 5, 2007, Plaintiff Deutsche Bank AG ("Deutsche Bank") respectfully submits this Memorandum of Law to address "Exhibit A" to the Affidavit of Frank H. Wohl, which Defendant JPMorgan Chase Bank ("JPMorgan Chase") recently filed in relation to the summary judgment motions currently pending in this action.

As explained in Deutsche Bank's initial Memorandum of Law, JPMorgan Chase should be precluded from arguing that Deutsche Bank breached the Credit Agreement by not funding the July Advance under the doctrine of *res judicata* because that issue was settled as part of the Genuity bankruptcy proceeding.[1] JPMorgan Chase is bound by the

---
[1] *See* Deutsche Bank's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment and

settlement of that issue, as it failed to object either to the order approving the settlement (the "Settlement Order")[2] or to the confirmation plan (the "Confirmation Plan"),[3] which incorporated the settlement agreement.[4]

JPMorgan Chase has sought to argue that it is not precluded from litigating whether Deutsche Bank breached the Credit Agreement because the Settlement Order "focused on" granting Deutsche Bank an "allowed unsecured claim" in the bankruptcy proceedings and that contemporaneous statements made by counsel confirm a narrower reading of that order.[5] It has now offered "Exhibit A," which constitutes a copy of the transcript of the Bankruptcy Court colloquy concerning the Settlement Order, purportedly in support of this assertion.[6]

Exhibit A lends no support to JPMorgan Chase's argument and in fact further support's Deutsche Bank's position. Indeed, not only does Exhibit A establish an absence of any objection by JPMorgan Chase to the settlement of the breach of contract claim, but it affirmatively shows that the attorney for the Creditors Committee explicitly affirmed on the record that the Committee "did not file an objection."[7] When the attorney then asserted ambiguously that "all other parties in interest, including the

---

in Opposition to JPMorgan Chase's Motion for Summary Judgment, dated August 10, 2006 ("Deutsche Bank Mem.") at 49-51. All terms not otherwise defined have the same meaning set forth in Deutsche Bank Mem. Exhibit references are to the exhibits attached to the Declaration of Steven G. Kobre in Support of Deutsche Bank's Motion for Summary Judgment, dated August 10, 2006, unless otherwise noted.

[2] Ex. 76.

[3] Ex. 86.

[4] *See* Deutsche Bank Mem. at 49-51.

[5] JPMorgan Reply Mem. at 34.

[6] By letter dated March 5, 2007, Deutsche Bank objected to the principal of JPMorgan Chase being allowed to revisit the summary judgment record more than six months after briefing was complete without Deutsche Bank having an opportunity to respond. Upon the Court's invitation, Deutsche Bank now addresses the substance of Exhibit A as set forth herein.

[7] Ex. A, Bankruptcy Court Colloquy at 15:21.

Creditors Committee, can raise all objections and defenses, if there are any, to that claim, that the claim is not in fact an allowed claim" and that "the Committee and other parties in interest have reserved all rights, and the Order, we believe, now clarifies those rights[,]"[8] Deutsche Bank's attorney immediately clarified that "the Debtor and *all the parties have given up or waived their right to challenge any claim on the matters that we have settled.*"[9]  Indeed, the attorney for Deutsche Bank then sought and obtained the agreement of the attorney for the Creditors Committee on that very point:

>MR. DANBROFF [sic]:  The matters we've settled are settled and I believe Mr. Feldman would agree with that, correct?
>
>MR. FELDMAN:  That's correct.[10]

The matter that was settled, of course, was the claim that Deutsche Bank had *breached the Credit Agreement*.[11]

---

[8] *Id.* at 16:7-19.

[9] *Id.* at 17:8-10 (emphasis added).

[10] *Id.* at 17:11-14.

[11] JPMorgan Chase's arguments that the "inter-bank dispute" was left to another day are unavailing, given that Deutsche Bank does not contend that the entirety of the "inter-bank dispute"—*i.e.*, determining how the money is to be divided among the banks—was decided in the bankruptcy proceedings.  Rather, Deutsche Bank's argument is that JPMorgan Chase is precluded from asserting—as part of that determination—that Deutsche Bank *breached the Credit Agreement* by not funding the July Advance, since that claim was settled during the bankruptcy proceeding.

3

Thus, Exhibit A supports—not negates—Deutsche Bank's argument that the Settlement Order, and ultimately the bankruptcy Confirmation Plan, should operate as *res judicata* with respect to JPMorgan Chase's claim that Deutsche Bank breached the Credit Agreement by not funding the July Advance, since that claim *"relate[s] [. . .] to the DB Action or the claims or issues asserted against DB therein, all of which are fully and finally settled with prejudice hereby."*[12]


Dated: New York, New York
       April 13, 2007

        /s/ Steven G. Kobre
Steven G. Kobre (SK 6310)
Kobre & Kim LLP
800 Third Avenue
New York, New York 10022
Tel: 212.488.1200
Fax: 212.488.1220

*Attorneys for Plaintiff Deutsche Bank AG*

---

[12] Ex. 76, at 2.